**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 99-CV-01763-REB-MJW

STEVEN NADLER, M.D.,

    Plaintiff,

v.

ASPEN VALLEY HOSPITAL, INC., et al.,

    Defendants.

_____

**ORDER MARSHALING
EXPERT WITNESS TESTIMONY**

**Blackburn, J.**

The matter before me is defendants' Unopposed Motion for Leave for Defendants to File a Joint Motion *In Limine* to Exclude the Testimony of Plaintiff's Damages Expert of 21 Pages in Length [#-308] filed July 13, 2005. I deny the motion without prejudice. To ensure the orderly resolution of issues relating to the proffer of this putative expert's testimony, I provide the following schedule and protocol for the parties' submission of relevant information and authority.

**THEREFORE, IT IS ORDERED** as follows:

(1) That the Unopposed Motion for Leave for Defendants to File a Joint Motion *In Limine* to Exclude the Testimony of Plaintiff's Damages Expert of 21 Pages in Length [#308] filed July 13, 2005, is **DENIED WITHOUT PREJUDICE**;

(2) That expert report of this putative expert shall conform in substance to the requirements of Fed.R.Civ.P. 26(a)(2)(B) and shall contain and include the following:

      a. a complete statement of each expert opinion to be expressed and the bases and reasons therefor;

      b. the data or other information considered by the witness in forming each expert opinion;

      c. any exhibits to be used as a summary of or support for each expert opinion;

      d. the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

      e. the compensation to be paid the expert for the study and testimony; and

      f. a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

    (3) That by August 4, 2005, plaintiff shall file a document containing the following information for this putative expert witness:

      a. a resume or curriculum vitae (c.v.) for the expert;

      b. a statement of **each** opinion to be offered by the expert; and

      c. the bases for each opinion to be offered by the expert, including

          1. the facts or data on which the expert relied in support of the specific opinion;

          2. the principles and methods on which the expert relied in

        support of the specific opinion; and

        3. how the expert has applied the principles and methods reliably to the facts of the case relevant to the specific opinion.

(4) That within twenty (20) days after plaintiff files his proffer, defendants shall provide the following:

    a. whether defendants contend that the testimony of the expert is unnecessary or irrelevant, and if so, why;

    b. whether defendants object to the qualifications of the expert, and if so, why (stated in detail);

    c. whether defendants object to any opinion to be offered by the expert, and if so:

        1. which opinion; and

        2. the specific basis for any objection stated and presented in terms of Fed.R.Evid. 702(1), (2), or (3), i.e., whether the objection impugns the sufficiency of the facts and data used in support of the opinion, whether the objection impugns the principles and methods on which the expert relied in support of the opinion, or whether the objection impugns how the expert has applied the principles and methods reliably to the facts of the case relevant to the opinion.

(5) That depending on the proffer and response, the court shall either:

    a. rule on the papers;

    b. require additional briefing;

     c. schedule an evidentiary hearing; or

     d. schedule oral argument.

Dated July 14, 2005, at Denver, Colorado.

              BY THE COURT:

              s/ Robert E. Blackburn
              Robert E. Blackburn
              United States District Judge